UNITED CONTRACTORS, INC., Respondent, v. CANTRALL,
d/b/a RONALD CANTRALL CONTRACTING COMPANY,
Defendant: KILIAN and wife, Appellants.

*No. 205.  Argued March 31, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 220.)

For the appellants there was a brief and oral argument by *Rudolph L. Forrer* of Milwaukee.

For the respondent there was a brief by *Lorinczi & Weiss,* attorneys, and *Robert K. Steuer* of counsel, all of Milwaukee, and oral argument by *Mr. Steuer.*

WILKIE, J. A single issue is dispositive of this appeal. It is: Does the fact that Ronald Cantrall was the authorized agent of United Contractors, Inc., to collect money due on the Kilian contract bar United Contractors from asserting a lien on the Kilian property by reason of work and material furnished by it for the Kilian job?

There is no question that, as between the Kilians and Ronald Cantrall, Cantrall was the contractor and responsible to the Kilians in that capacity. However, after entering into the Kilian contract, Cantrall entered into the agreement with United Contractors, whereby he agreed to assign a number of contracts, including the Kilian contract, to United Contractors, Inc. In return, United Contractors agreed to furnish all work and materials necessary for completion of the contracts and to employ Cantrall as foreman at $190 per week, plus a bonus based on the profits realized from the contracts.

It is well established that:

"A party to a contract cannot assign to another his personal duty to fulfill his obligations under the contract, in the absence of the consent of the other party . . . ." [1]

However, in *Continental Ins. Co. v. Bahcall, Inc.,* the court concluded that a party to a contract could assign the proceeds of the contract.

[1] *Continental Ins. Co. v. Bahcall, Inc.* (D. C. Wis. 1941), 39 Fed. Supp. 315, 318. *See Johnson v. Vickers* (1909), 139 Wis. 145, 148, 120 N. W. 837.

"It needs no citation of authority to lay down the rule that a party to a contract may assign his benefits under the contract (assuming no express provisions to the contrary), but that he cannot avoid his obligations thereunder without the consent of the party with whom he had contracted." [2]

Thus it appears that Cantrall assigned the proceeds of the Kilian contract, but retained his status as contractor as between himself and the Kilians.

There is no question but what United Contractors is entitled to the proceeds of the Kilian contract. However, because Cantrall was expressly authorized by United Contractors to collect the proceeds of the Kilian contract, United Contractors must proceed against Cantrall, its agent, rather than against the Kilians. The Kilians have paid for the services rendered by United by giving $1,040 to Ronald Cantrall, United Contractor's employee and authorized agent for collection purposes. It is immaterial that the Kilians were unaware of the agreement between United Contractors and Cantrall. The fact is that because of the agreement between Cantrall and United Contractors, Kilian's payment to Cantrall was payment to United Contractors.

Because this agency issue disposes of the appeal, it is unnecessary for us to reach the Kilians' contention that the agreement between United Contractors and Ronald Cantrall created a joint-venture relationship between them with respect to the Kilian contract and thereby negated any attempted claim by United Contractors that it occupied the status of a subcontractor and could foreclose a mechanic's lien against the Kilian property by virtue thereof.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.

---

[2] *Continental Ins. Co. v. Bahcall, Inc., supra,* footnote 1, at page 318. *See also* 6 C. J. S., *Assignments,* p. 1060, sec. 15.